Mark Welch v. United States Mr. Dawson. Well, good morning, Your Honors, and may it please the Court. My name is James Dawson, and I represent Mr. Welch in this appeal. This case, which arrives here on remand from the United States Supreme Court, presents an extraordinarily narrow question, which is whether Mr. Welch's 1996 convictions for Florida robbery qualify as violent felonies under the Elements Clause of the Armed Career Criminal Act. The answer to that question is no for two reasons. First, the United States Supreme Court, in its McNeill decision, advised that the law that matters for ACCA purposes is the law that existed at the time of the conviction in question. In this case, it is clear that the facts on the ground in the fourth DCA prior to the Robinson decision in 1997 were that people were being both charged with and convicted of robbery by sudden snatching. It is equally clear that sudden snatching, if it is in fact the least culpable conduct, is not a violent felony as contemplated by ACCA. For that reason, Mr. Welch's pre-Robinson fourth DCA robberies do not qualify under the Elements Clause. This Court's direct appeal opinion in Welch in 2012 recognized as much, and indeed it is our view and not the government's which would give meaning to that opinion. If we conclude that the pre-Supreme Court decision in Welch, the discussion of this was dicta because it said we assume for purposes of this decision instead of actually analyzing that issue, aren't we bounded by Fritz? No, I don't think so. Fritz remains a second DCA decision. There is no published authority from this Court that would decide the issue with respect to the first, fourth, or fifth cases, excuse me, districts, so this Court would still be riding on a blank slate, even in the event that it did not regard Welch as precedential. I'm sorry, what in Fritz would you point to that limits its holding to second DCA cases? I don't know that it's any particular piece of language in Fritz. It's the fact that the conviction in that case came out of the second DCA, and it would necessarily be beyond the scope of that opinion for it to have rendered any sort of holding about what the law might have been if the conviction instead came out of the first, fourth, or fifth DCAs. Except that, whether you agree with it or not, and whether I agree with it or not, Fritz said, Robinson quote, made clear that 812.13 robbery statute, that the 812.13 robbery statute has never included a theft or taking by mere snatching, because snatching is theft only and does not involve the degree of physical force needed to sustain a robbery conviction under section 812.13.1, which it seems to me that that seems to say that it's not just relevant to the second DCA cases. But maybe there's a way to distinguish it that you're thinking of that I'm not. Right, so I think the answer to that question is this. The Supreme Court has been very clear that there is a legal fiction, that when a later in time opinion comes along and provides a new interpretation of the statute, that the opinion- I understand that. I understand the legal fiction. But my problem is that we've now, in Fritz, this court has now said that that legal fiction applies generally, right? And Robinson, you know, was a Florida Supreme Court decision. So we've now said that Robinson stands for this proposition, and we haven't limited it to any particular DCA. So why would I not be bound by it, whether I agree that it's a legal fiction or not a legal fiction, right? Right, so where I was trying to go with that, Judge Rosenbaum, is I think the effect of that legal fiction is that it was the case that the fourth DCA at the time in question was interpreting the statute incorrectly. That's what the legal fiction means. But the question, as prescribed by McNeil, is not whether or not the fourth DCA was making a mistake or not. It was simply what the law was at that time. As Judge Martin recognized in Stoeckling and also in Seabrooks, the task prescribed by McNeil is to look at what the fourth DCA was doing, even if it were making a mistake. And the Santiago case that we've cited in our briefs, in addition to a variety of others, including the State Against Smiley case, which is from the fourth DCA in 1994, involved cases where robberies by sudden snatching, including the Smiley case, which is where the defendant ran up to a woman, grabbed her purse, and ran off, no resistance at all, and the court there held that a robbery verdict could be sustained in the fourth DCA, showed that the facts on the ground were that people were being convicted of sudden snatching. Now, was that an incorrect interpretation of the statute as it existed at the time? Perhaps so, but that's not the inquiry. The inquiry was, were people being charged and convicted for sudden snatching? And the answer to that question is yes. Indeed, even the government in this case has not pointed to any reason to believe that if you were going to look at fourth DCA case law, that it would not be the case that a sudden snatching would be sufficient to support a conviction for robbery. And one thing I want to go back to, this language in Welch that says, assume for purposes of analysis, I don't mean to bicker with the premise of the question, but I don't think that's dicta. I think what the court was doing there was embracing the language that the Supreme Court has used to describe the nature of the categorical approach. So, for example, in the Moncrief decision, the Supreme Court says at page 191 that it is, quote, we must presume that the conviction rested upon nothing more than the least of the acts criminalized. So I don't read the word assume as used in the Welch direct appeal opinion to mean, let's assume as sort of a theoretical matter for analytical purposes. What I read the word assume there to mean is that the court is using the categorical approach, the methodology that's been prescribed by the Supreme Court, which requires that assumption at step two. So I actually don't think that that language is dicta at all. Going back to one other point. Excuse me. Even if it's not dicta, assuming for the purposes of this argument that it's not dicta, how do you get around this court's prior decision in Dowd, you know, which held that an armed robbery conviction was a violent felony under the Elements Clause? So two things about Dowd, Your Honor. One, there's Dowd and there's Welch, and there's been a lot of discussion in this court's prior case law about how, if at all, the two of them can be reconciled. And the answer is that Dowd can be read not to apply to the fourth DCA. That is the only way to reconcile two prior precedential opinions, neither of which has been overruled. The government's approach in this case would require you to essentially jettison the 2012 direct appeal opinion in Welch. It's much easier to just say that Dowd, whose holding on this issue was confined to one sentence, where the issue was not briefed, where the approach that the court used was later abrogated by the Supreme Court's decisions in Moncrief and Dick Camps, as Judge Martin herself recognized in Seabrooks, simply does not reach this issue. That is the way to move forward, to reconcile the law, to read all of these cases in harmony. I'll also note that to the extent that the government's position now rests on the proposition that Robinson said what the law had always been and that it's an inappropriate method to look to different DCAs at different times to determine the scope of the law, that that position respectfully differs from what they've said in a variety of different other forums when that position would better suit their litigation needs there. For example, in this very case on direct appeal in April 2011, the government submitted a brief which said at page 45 that the court was required to look to and analyze quote, the construction applied within Florida's 4th District Court of Appeal. The Solicitor General in the Stokelyn case before the Supreme Court said at page 8 of his brief that Robinson was quote, a narrowing feature, i.e. that it narrowed the scope of conduct which would be sufficient to confirm a robbery conviction by removing sudden snatching from the ambit. Now, the Solicitor General also argued in Condé and in a variety of other cases that the court should not grant review in any pre-Robinson cases because Robinson was essentially a sea change in the law and therefore reviewing a pre-Robinson case wouldn't be worth the court's time because the vast majority of the cases currently pending in the system are after Robinson. It's also the case that the government in France in this court cited second DCA case law and said that it was significant in determining what the scope of robbery was in that district. Now, given all of those authorities, it strikes me as untenable to believe that different DCA case law cannot matter to the question of whether or not a particular defendant's conviction was sufficient to satisfy the elements clause. The other issue I was hoping to get to today was the law of the case question. And essentially the point we'd like to make there is that even if this court substantively disagrees with the nature of the opinion, that was rendered in 2012 on direct appeal, that it is still binding on this court. And the reason is because... Doesn't that depend on whether or not we construe the assumption as dicta or a holding? Yes, it does. But as explained previously, I don't think it's dicta for the reason I mentioned and also for this one, which is that we have never said and don't say now that there is an express holding in the Welch direct appeal opinion with respect to the elements clause. What we say is that there is a holding with respect to the residual clause and that the court could not have reached that holding unless it gave us a building block, i.e. the determination that sudden snatching was the least culpable conduct, which then standing alone is sufficient to grant Mr. Welch relief in this case. Why is that? Why could it not have determined... Why could it not have just assumed that sudden snatching was encompassed, right, and that sudden snatching in any case was satisfied the residual clause at the time? So what the Welch direct appeal opinion says at 1313 is that, quote, sudden snatching ordinarily involves substantial risk of physical injury to the victim. The entire analytical approach was premised on the determination of the least culpable conduct. That's what the court was embracing, and, again, when it used the word assume, it was doing that because that's the methodology that has been prescribed by the Supreme Court. Now, I would also note that it's not just this particular sentence, but rather the prescription of a methodology, which is itself precedential and is the law of the case. In our reply brief, we cite the Irving case from the First Circuit, which is, I think, the cleanest explanation of why it is that a methodology prescribed in a precedential opinion is itself precedent and not just the holding in that case. So, again, looking at Welch, we are providing a reading that gives meaning to this opinion, that does not require you to overrule it, that does not require any of it to be papered over as dicta or as non-precedential, whereas the government would have you discard it altogether. We respectfully submit that our view is the better one. It brings more harmony to this court's case law, and it presents a fairer opportunity and a fairer solution for Mr. Welch and other defendants who are in his position. Thank you. May it please the court. John Pelleteri from the Department of Justice on behalf of the United States. Florida robbery was a violent felony under the Armed Career Criminal Act, both before the Florida Supreme Court's decision, 1997 decision in Robinson, and afterwards, and that includes within the Fourth District in Florida. This court's precedent compels that conclusion, that includes Fritz, Lockley, Dowd, or any combination of those three compel the conclusion that a Florida robbery before and after Robinson in any district is a violent felony under the ACCA. But even if this court were writing on a clean slate, it would have to come to the conclusion that a Florida robbery conviction prior to Robinson in the Fourth District is a violent felony under the ACCA. In Stokeling, the Supreme Court held that the amount of force that is used in the common law robbery, offensive common law robbery, is force that satisfies the elements clause of the ACCA. And the Supreme Court said that the common law did not distinguish between gradations of violence if an act physically overcame a victim's resistance, however slight that resistance might be, it necessarily constituted violence. And that is the definition of robbery, that's common law definition, which satisfies the force clause, is the definition of robbery that the Florida courts, the Florida Supreme Court, has adopted and adhered to for 100 years. If you go to... Your colleague has said that in the Fourth DCA, a person was convicted of this offense for just snatching a purse, right, with no force whatsoever. If that's the case, just assume that that's the case, right, then how does that satisfy the definition of force? Well, if there's one-off cases in Florida that misconstrue Florida Supreme Court case law, that does not mean that the Florida statute is narrower than the common law of robbery. But when... And I understand what you're saying, but here's the problem, right? It's not imaginary, right? Or we have to say we're using strange imagination or contorting things to say, well, if this statute could be applied in this situation, it actually has been applied and somebody's actually been convicted. I mean, don't we have to take that into account? I'm not aware of any decision, any intermediate appellate court decision in the Fourth District that applies Florida robbery to mere snatching. The only decision that Welch has cited is the Santiago case. And in that decision, the court specifically stated that... Well, in that decision, what happened is a victim, the perpetrator, went toward two gold necklaces from around the neck of the victim, leaving marks with scratches and red marks around the defendant's neck. And the Fourth District said the facts of this case, unlike picking a pocket or snatching a purse without any force or violence, show sufficient force, be it ever so little, to support robbery. So in the Fourth District, snatching a purse without any victim resistance was not and never has been, as far as we could tell, a robbery. It has never been considered sufficient force to constitute robbery. And the snatching of the necklace with resistance is clearly sufficient under the common law to do that. I agree with that. Yes, and so the Fourth District, that's the only decision that we're aware of that Welch has cited. And so that's fully consistent with the Florida Supreme Court law, both before and after Robinson. If you go back to Monstoca from 1922, this Florida Supreme Court said that violence is what distinguishes robbery from larceny. And the court said the degree of force is immaterial. All the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance. That's been the law in Florida since 1922. In McLeod, the court reiterated this and said any degree of force suffices to convert larceny into robbery. And in that case, what happened was the perpetrator grabbed the purse from the victim, the victim held onto it, and didn't let go until she fell to the ground. That's clearly force sufficient to overcome resistance. It's sufficient force to constitute robbery under the common law, under Florida law, and it's sufficient force to satisfy the elements clause of the Armed Career Criminal Act. If you look at Stokely, the court said that under the common law it was robbery to seize another's watch or purse and use sufficient force to break a chain or guard by which it is attached to his person. That's what happened in the Fourth District case in Santiago. Again, the only case that they cite as representing Fourth District law. And again, Robinson in 1997 didn't change the law in any way in Florida. It merely confirmed what has been the law in Florida since certainly 1922 in the Monstaca case. And it's merely corrected an intermediate appellate court in the First District that got it wrong. It was an error correction decision. It didn't change the course of Florida robbery or redefine it. It simply confirmed the common law definition of robbery applies in Florida. So even on the terms that Welch would like this court to consider the issue here, whether in the Fourth District somehow force could be used that's not sufficient to meet the elements clause, he's incorrect. That was never the law in the Fourth District as established by Santiago and the binding Florida Supreme Court case law that applied again from 1922 onward. And nothing about this case requires that this court somehow reach a wrong conclusion in this case because of prior proceedings in the panel decision in Welch. Anything about the court's description of Florida law in Welch was dicta. In the panel decision, the court surveyed Florida law. It said it was unclear and that the Fourth District hadn't reached an opinion about the use of force. Again, we disagree with that as we've just discussed because the Santiago case made clear that the Fourth District was fully consistent with Florida Supreme Court law and applying the common law definition of robbery. But it just said, well, we're going to assume because we think it's unclear, we're going to assume the broadest definition of robbery in Florida that includes snatching without any force that's sufficient to overcome resistance. And then it said that even under that broadest, most defendant-friendly reading of Florida law, that Florida robbery is a crime of violence under the residual clause of the Career Offender Guideline, which is identical to the residual clause of the Armed Career Criminal Act. There was nothing in Welch that definitively defined Florida law and relied on that definition. In fact, if the court had adopted a narrower definition of the actual correct definition of Florida robbery, the common law definition that requires force sufficient to overcome resistance, it would have reached the same results because obviously that's narrower than the definition that it assumed was the case, and clearly that would have met the residual clause as well. So the assumption that the court used in Welch was not in any way necessary to its decision, and the court did not decide a matter of law that in any way binds this panel here. Unless the court has any additional questions, we'd rest on our brief. I think we understand. Thank you, Your Honors. Awesome. Thank you, Your Honors. Just three quick points I'd hope to get out. The first, as to this question about what the nature of Fourth District case law was at the time of Mr. Welch's convictions. When we read the government's brief, we did not read them to be conceding that if you actually look to Fourth D.C.A. case law, that people were not being convicted of sudden snatching. If that is their argument, we would be glad to provide additional authorities, which clearly established that people were being convicted of sudden snatching. The case I cited to you earlier is the Smiley case from the Fourth D.C.A. That's 646 S.O. 2nd, 238 at 240. The second point, on this question about whether or not Stoeckling is instructive here. Some of counsel's description of that case is correct, but what was omitted was that Stoeckling involved a post-Robinson robbery. And Justice Thomas' majority opinion in Stoeckling cites Robinson multiple times and defines Robinson and the force modicum required by Robinson as being the dividing line between robberies that do and do not qualify under the elements clause. If you look at Justice Sotomayor's dissent in Stoeckling, footnote two is actually quite probative on this issue. What it says is that the 11th Circuit, quote, the 11th Circuit reviewing the defendant's ACCA enhancement on direct appeal, that's the 2012 opinion in this case, had ruled that Florida robbery, including where under previous law it could be accomplished by sudden snatching, qualified as an ACCA predicate. This is, again, yet another acknowledgement that in the 4th D.C.A., sudden snatching clearly was sufficient to qualify and that that is different from all of the post-Robinson robberies, which in turn were at issue in Stoeckling. So our reading of Stoeckling is that it functionally does nothing to disturb what was the law at the beginning of this case, does not answer the question that is presented to this panel in this appeal, and if anything, actually helps our argument because it shows that the dividing line is the line drawn in Robinson, which we precede and the later convictions do not. The third point on this idea that Robinson said what the law had always been, if you look at the first sentence of Robinson, the first footnote of Robinson, it says that there is a, quote, certified conflict among the courts of appeals. And it then goes on to cite the McLeod decision, which had said that any degree of force was sufficient to convert a larceny into a robbery. Just looking at the face of McLeod, which was the controlling Florida Supreme Court decision at the time of Mr. Welch's conviction, in combination with the controlling 4th DCA case law, clearly supports the notion that sudden snatching would have been sufficient and that in combination with the fact that the government has never contested that sudden snatching, if it is the least culpable conduct, is not a violent felony, is sufficient to give Mr. Welch relief in this case. Thank you very much. Thank you. We'll move to the last case.